UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES BING,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,
_____/

Case No. 1:15-cv-826

HON. JANET T. NEFF

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of the Social Security Administration (Commissioner). Plaintiff Charles Bing seeks review of the Commissioner's decision denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act.

## STANDARD OF REVIEW

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 49 years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.110, 1021.) He obtained some college credits through the military, and was previously employed as a hi-lo operator and military recruiter. (PageID.1067.) Plaintiff applied for benefits on October 22, 2012, alleging that he had been disabled since July 31, 2011, due to PTSD, spinal fusions from L5-S1 and C5-C7, bilateral knee strain, residual issues associated with a left ankle fracture, and a deviated septum and facial scars due to a fracture of the right maxillary bone. (110, 181–185.) Plaintiff's application was denied on initial review, after which time he requested a hearing before an ALJ. (PageID.130–133.) After conducting the requested hearing,

ALJ James Prothro entered a written decision on May 9, 2013, finding that Plaintiff was not disabled. (PageID.35–52.) The Appeals Council subsequently declined to the review the decision, making it the Commissioner's final decision in the matter. (PageID.28–32.) Plaintiff appealed that decision, however, and on February 26, 2014, Magistrate Judge Brenneman granted the parties' stipulation to remand the Commissioner's decision for further factual findings. (No. 1:13-cv-00973 ECF No. 15). On remand, Plaintiff appeared with his representative before ALJ Prothro for an administrative hearing on October 20, 2014. At the hearing, the ALJ heard testimony from Plaintiff, a medical expert (ME), and a vocational expert (VE). (PageID.1056–1128.) ALJ Prothro subsequently rendered a partially favorable decision on April 17, 2015. In his decision, ALJ Prothro determined that Plaintiff was disabled from his alleged onset date through July 25, 2013, but not thereafter. (PageID.1021–1055.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. § 404.1520(a-f).[1] If the Commissioner can make a dispositive finding at

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered

any point in the review, no further finding is required. *See* 20 C.F.R. § 404.1520(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. § 404.1545.

Plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that he is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

In his second decision, ALJ Prothro found Plaintiff was disabled from his onset date through July 24, 2013, and that after that date, Plaintiff underwent medical improvement such that he was no longer disabled through the date of the decision. Specifically, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (PageID.1029.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) post-traumatic stress disorder (PTSD); (2) depression; (3) status-post cervical and lumbar spine fusions; and (4) bilateral knee strains. (PageID.1029–1030.) At the third step, the ALJ determined that from July 31, 2011, through July 24, 2013, Plaintiff met the requirements of Listing 12.06:

> The "paragraph A" criteria were satisfied because the claimant had generalized persistent anxiety accompanied by vigilance or scanning, recurrent obsessions or compulsions which are a source of marked distress, and recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress. The "paragraph B" criteria were satisfied because the claimant's impairments caused mild restriction in activities of daily living, marked difficulties in

---

to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

>  maintaining social functioning, marked difficulties in maintaining concentration, persistence or pace, and no episodes of decompensation, each of extended duration.

(PageID.1035) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.06). The ALJ gave "great weight" to the opinion of the ME in making the above determination. (PageID.1040, 2064.) However, based on that opinion, the ALJ subsequently determined that beginning July 25, 2013, Plaintiff no longer had an impairment or combination of impairments that met or medically equaled a listing. (PageID.1041–1042.) The ALJ specifically determined that Plaintiff no longer met the paragraph B criteria because, since July 25, 2013, he had only mild restrictions in daily living, moderate difficulties in social functioning, and moderate difficulties in regard to concentration, persistence or pace. (PageID.1041.)

The ALJ accordingly continued with the analysis to evaluate Plaintiff's claim after July 24, 2013. At the fourth step, the ALJ found that beginning July 25, 2013 Plaintiff retained the RFC based on all the impairments "to perform light work as defined in 20 CFR 404.1567(b) except limited to simple, repetitive tasks and no fast-paced work." (PageID.1043.) Continuing with the fourth step, the ALJ determined that Plaintiff was unable to perform any of his past relevant work. (PageID.1046.) At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy which Plaintiff could perform given his limitations. *See Richardson*, 735 F.2d at 964. The VE identified the following positions that Plaintiff could perform: mail clerk (2,100 Michigan jobs and 35,000 national jobs), light cleaner (6,800 Michigan jobs and 72,000 national jobs), and laundry sorter (3,000 Michigan jobs and 45,000 national jobs). (PageID.1122.) Based on this record, the ALJ found that Plaintiff was capable of making a

5

successful adjustment to work that exists in significant numbers in the national economy beginning July 25, 2013. (PageID.1047).

Accordingly, the ALJ concluded that Plaintiff was disabled between his onset date and July 24, 2013, but that Plaintiff's disability ended July 25, 2013. (PageID.1047.)

## DISCUSSION

In a single claim of error, Plaintiff contends that since July 25, 2013, he had moderate difficulties in social functioning, and that the ALJ erred because this impairment was not reflected in the RFC. (PageID.2077–2082.) Plaintiff's contention is without merit.

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545(a). It is further defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs" on a regular and continuing basis. 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c); *see Cohen*, 964 F.2d at 530. The ALJ addressed Plaintiff's mental disorders in the RFC by limiting him "to simple, repetitive tasks and no fast-paced work." (PageID.1043.) Plaintiff apparently claims that the ALJ should also have included a provision that limited Plaintiff from contact with co-workers, supervisors, and the public. (PageID.2078.)

In support of his claim, Plaintiff relies on the ALJ's finding that since July 25, 2013, he had "moderate difficulties" in social functioning. But this reliance is misplaced. It conflates the ALJ's findings at distinct stages of the sequential analysis and disregards the more carefully calibrated nature of the ALJ's factual finding regarding his RFC. The ALJ found Plaintiff had moderate difficulties in social functioning during step three of the sequential evaluation when he

considered whether Plaintiff met the "paragraph B" requirement of Listing 12.06 (PageID.1042.) This finding was not the RFC finding made at step four of the evaluation. *See Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (RFC is determined at step four of the sequential evaluation); *see also* 20 CFR Pt. 404, Subpt. P, App. 1, § 12.00A. ("RFC is a multidimensional description of the work-related abilities you retain in spite of your medical impairments. An assessment of your RFC complements the functional evaluation necessary for paragraphs B and C of the listings by requiring consideration of an expanded list of work-related capacities that may be affected by mental disorders when your impairment(s) is severe but neither meets nor is equivalent in severity to a listed mental disorder"); SSR 96-8p, 1996 WL 374184, at *4 (S.S.A. July 2, 1996).

Plaintiff claims that for the ALJ to find he had moderate social difficulties but to then include no limitations regarding those difficulties "makes no sense." (PageID.2082.) However, when read in context, the ALJ's decision is well supported. The administrative finding whether a claimant meets or equals a listed impairment is made at step three of the sequential analysis. *See* 20 C.F.R. § 404.1520(a)(4)(iii); *see also Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 438 (6th Cir. 2010). Step three regulates a "narrow category of adjudicatory conduct." *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 649 (6th Cir. 2006) (en banc). It "governs the organization and evaluation of proof of listed impairments that, if supported, renders entitlement to benefits a foregone conclusion." *Id.* " Claimants are conclusively presumed to be disabled if they suffer from an infirmity that appears on the [Social Security Administration's] SSA's special list of impairments, or that is at least equal in severity to those listed. The list identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. A person with such an impairment or an

equivalent, consequently, necessarily satisfies that statutory definition of disability." *Id.* at 643 (internal citations omitted). By contrast, the administrative finding of a claimant's RFC is made between steps three and four of the sequential analysis and it is applied at steps four and five. *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity. We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."); *see also Vorholt v. Comm'r of Soc. Sec.*, 409 F. App'x 883, 886 (6th Cir. 2011).

The ALJ's conclusion that after July 24, 2013, Plaintiff had only moderate difficulties in social functioning is well supported. The ALJ specifically cited to the ME's opinion, as well as to treatment notes from the Department of Veterans Affairs. (PageID.1038.) On July 24, 2013, Dr. Daniel Henderson found that the severity of Plaintiff's symptoms had diminished, although they were still significant. He had active social supports. (PageID.1552.) He was further described as engaging, friendly, and polite. He had a normal mood, good judgment and adequate insight. (PageID.1551.) On July 30, 2013, Dr. Lydia Marquez, a VA psychiatrist, documented Plaintiff's report that he was feeling better. He was keeping himself busy by helping his family. Dr. Marquez found that he was more upbeat when compared to other visits. (PageID.1546.) Though he wasn't taking his anti-depression medication his depression rated only a 4/10. (PageID.1546.) Accordingly, substantial evidence supports the ALJ's determination that after July 24, 2013, Plaintiff had only moderate social difficulties.

But Plaintiff is not challenging the ALJ's step three finding that he did not meet or equal the requirements of any listed impairment. Rather, he is attempting to take a portion of the ALJ's finding with regard to the paragraph B criteria at step three out of context and substitute it for

the ALJ's factual finding. But as noted above, it is well established that the paragraph B criteria are not an RFC assessment. As the court explained in *Pinkard v. Comm'r of Soc. Sec.*, No. 1:13–cv–1339, 2014 WL 3389206 (N.D. Ohio July 9, 2014) when confronting a similar issue:

> Plaintiff argues that the ALJ erred in concluding that Plaintiff had moderate difficulties in concentration, persistence, and pace, while failing to include an appropriate limitation for these difficulties in the RFC findings . . . Plaintiff refers to the ALJ's paragraph B findings in his evaluation of Plaintiff's depression under 12.04 of the listing of impairments [ ]. 20 C.F.R. pt. 404, subpt. P, app. 1 Sections 12.04, 12.05, 12.06. However, the ALJ does not have to include paragraph B finding[s] in his RFC finding. Paragraph B findings under the listings are findings at step three of the sequential evaluation process, and are not RFC findings pertaining to steps four and five of the sequential evaluation process. 20 C.F.R. pt. 404, subpt. P, app. 1, Section 12.00. Hence, the ALJ was correct in finding that Plaintiff had moderate limitations in evaluating her mental impairment under the listings at step three of the sequential evaluation process, and in not including a "moderate limitation in concentration, persistence, and pace" in his residual functional capacity finding at steps four and five.

*Pinkard*, 2014 WL 3389206 at *10. The ALJ's step three findings do not undermine his finding that Plaintiff retained the RFC for simple, repetitive tasks with no fast-paced work. That the ALJ did not include a provision in the RFC that limited Plaintiff from contact with others even though he found moderate social difficulties at step three does not, in and of itself, constitute reversible error.

None of the out of circuit decisions relied on by Plaintiff compel a different result. In *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), the court found that the ALJ had not adequately explained his RFC determination. Here the ALJ noted expressly stated that the RFC incorporated the limitations found in the Paragraph B findings. (PageID.1041–42.) Similarly, in *Hartman v. Colvin*, No. 5:13CV00109, 2015 WL 877360, at *8 (W.D. Va. Mar. 2, 2015),

*Richardson v. Astrue*, No. 3:10-CV-05801, 2011 WL 3273255, at *12 (W.D. Wash. July 28, 2011), and *Rodriguez v. Astrue*, 10-1406-PLA, 2011 WL 3323598, at *4 (C.D. Cal. Aug. 1, 2011), the courts found that the ALJs had erred in failing to explain why they had adopted the portions of opinions concerning the step three analysis, but were not adopting portions of the opinions concerning the RFC. Here, on the other hand, the ALJ adopted the ME's opinion both as it concerned step three, and also as it concerned the RFC. (PageID.2063, 2066.) The remaining cases cited by Plaintiff also do not support his argument. In *Valansky v. Colvin*, No. 13-573, 2014 WL 469893, at *2 (W.D. Pa. Feb. 6, 2014), the Court found that the RFC did not fully account for all the limitations that the ALJ found to be supported by the record. Here, as noted above, the ALJ stated that the RFC accounted for the limitations expressed in the paragraph B findings. Finally, in *Decker v. Colvin*, No. CIV.A. 14-428, 2015 WL 106589, at *6 (W.D. Pa. Jan. 7, 2015), the Court found an internal discrepancy between the ALJ's listing and RFC discussions that required remand. Such a discrepancy is not present here.

      For all the above reasons, therefore, Plaintiff's claim of error is rejected.

## CONCLUSION

      For the reasons articulated herein, the undersigned concludes that the ALJ's decision is **AFFIRMED.** A separate judgment shall issue.


Dated: August 18, 2016    /s/ Janet T. Neff
JANET T. NEFF
United States District Judge